OPINION
{¶ 1} Appellant, Robert Northcutt, was found not guilty by reason of insanity on a murder charge. He was committed to a state psychiatric institution.
 {¶ 2} On February 3, 2003, appellant filed a motion to increase his level of movement at the Southeast Psychiatric Hospital to Level V. The increased level of movement would allow appellant to go off the institution grounds unsupervised for short periods of time.
 {¶ 3} Hearings were held on February 20 and August 22, 2003. By journal entry filed March 26, 2004, the trial court denied the motion, finding no clear and convincing evidence that the change in movement should be allowed.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred as a matter of law when it declined to approve the recommendation for increased level of movement where the state failed to present any evidence contrary to the recommendation of the institution and the evaluating psychologists."
 II {¶ 6} "The trial court abused its discretion when it disregarded the uncontroverted recommendation of the institution and the evaluating psychologists and declined to approve the increased level of movement."
 III {¶ 7} "The judgment of the trial court declining to approve the increased level of movement was against the manifest weight of the evidence."
 I {¶ 8} Appellant claims the trial court erred in unlawfully placing the burden of proof upon him. We agree.
 {¶ 9} R.C. 2945.401(G)(2) specifically states the prosecutor has the burden of proof as follows:
 {¶ 10} "(G) In a hearing held pursuant to division (C) or (D)(1) of this section, the prosecutor has the burden of proof as follows:
 {¶ 11} "(2) For a recommendation for a change in the conditions of the commitment to a less restrictive status, to show by clear and convincing evidence that the proposed change represents a threat to public safety or a threat to the safety of any person."
 {¶ 12} In its journal entry of March 26, 2004, the trial court stated the following:
 {¶ 13} "The Court has considered to (sic) testimony and reports of Dr. Reisner and Dr. Stinson along with the arguments and memorandum of counsel. The Court has given particular attention to Ohio Revised Code Section 2945.401(E). The Court does not find clear and convincing evidence that the request in change of Level should be allowed. The Court does not find the conditions set forth in Dr. Stinson's report to be reasonable and prudent and in the best interest for the continued protection of society."
 {¶ 14} We find the trial court erred in finding the burden was appellant's. We also note the trial court's findings are not specific findings, but are conclusions.
 {¶ 15} Based upon the above, we vacate the trial court's decision, and remand the matter to the trial court to enter a decision using the appropriate burden of proof, and for specific findings necessary for appellate review.
 {¶ 16} Assignment of Error I is denied.
 II, III {¶ 17} These assignments are rendered premature given the decision in Assignment of Error I.
 {¶ 18} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby vacated.
By Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Morgan County, Ohio is vacated and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.